IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    )  | |
| )  | CRIMINAL ACTION NO. |
| v.         ) | 1:15cr232-MHT |
| ) | (WO) |
| HAROLD LAVERNE DAVIS,     ) | |
| MAURICE DESHANE HOUSTON, ) | |
| and MICHELLE LASHAE     ) | |
| JACKSON          ) | |

OPINION AND ORDER

This cause is before the court on the motions to continue of defendants Harold Laverne Davis, Maurice Deshane Houston, and Michelle Lashae Jackson. For the reasons set forth below, the court finds that jury selection and trial, now set for August 3, 2015, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any period of delay "resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant," § 3161(h)(1)(A), and it also excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation,

2

taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public, Davis, Houston, and Jackson in a speedy trial.  Davis, Houston, and Jackson are co-defendants, and they are each working with the government to resolve their cases by pretrial diversion or other pretrial mechanism.  Because the approval process for the pretrial diversion program can take several months, counsel for all parties agree that a continuance will enable each defendant the opportunity to pursue fully this option or to resolve the case by other means.  Given these circumstances, a continuance in this matter is warranted.

* * *

Accordingly, it is ORDERED as follows:

(1) Defendant Harold Laverne Davis's motion for continuance (doc. no. 58) is granted.

(2) Defendant Maurice Deshane Houston's motion for continuance (doc. no. 59) is granted.

(3) Defendant Michelle Lashae Jackson's oral motion for continuance, as requested during the on-the-record conference call held on this date, is granted.

(4) The jury selection and trial for defendants Davis, Houston, and Jackson, now set for August 3, 2015, are reset for November 16, 2015, at 10:00 a.m., at the Federal Building and U.S. Courthouse, 100 West Troy Street, Dothan, Alabama.

DONE, this the 21st day of July, 2015.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**